UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE B. ORTIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | **CASE NO. 1: 15-cv-01427-MJS (PC)**<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME;**<br>**(2) DENYING MOTION TO APPOINT COUNSEL; AND**<br>**(3) DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>**(ECF Nos. 13, 15, 16, 17, 18)**<br><br>**THIRTY-DAY DEADLINE** |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 9.) Pending before the Court are multiple motions filed by Plaintiff, including three for extensions of time (ECF Nos. 13, 15, and 17); a motion to appoint counsel (ECF No. 18); and a motion for injunctive relief (ECF No. 16).

## I.   MOTIONS FOR EXTENSION OF TIME

Plaintiff first moves for an extension of time to respond to the Court's December 15, 2015, Screening Order (ECF No. 12). In that Order, the undersigned found that Plaintiff's complaint stated a cognizable failure to protect claim against Defendants Huewe and Espino and a cognizable retaliation claim against Defendants Kirby and Huewe. Plaintiff was directed to file a notice of his willingness to proceed on the cognizable claims or to file an amended pleading on or before January 15, 2016.

In a motion dated January 3, 2016, Plaintiff asked for a 90-day extension of time to respond to the Court's Order due to his placement in administrative segregation. (ECF No. 13.) He has since filed two more motions for extension of time based on his transfer to another institution and his lack of access to his legal property. (ECF Nos. 15, 17.) Good cause appearing, these motions will be granted.

## II.   MOTION FOR RECONSIDERATION

Plaintiff also seeks leave to file a motion for reconsideration of the Court's screening order – specifically, that portion finding that Plaintiff's allegations did not state a due process claim.[1] (ECF No. 17.) Though Plaintiff expresses his intent to seek reconsideration by a district judge, the docket reflects that Plaintiff has consented to the undersigned's jurisdiction. (ECF No. 9.)

Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (stating that "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). A referral to a magistrate judge will not be vacated where a party has consented in a signed writing to magistrate judge jurisdiction, the party fails to make a motion to vacate the reference

---

[1] Plaintiff has since filed a Notice of Appeal, seeking Ninth Circuit Court of Appeals review of the Court's Screening Order. (ECF No. 19.)

that is supported by a showing of extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of consent. Id.

At this time, Plaintiff has not demonstrated extraordinary circumstances to justify vacating the proceedings before a magistrate judge, and the Court does not find good cause for the withdrawal. If Plaintiff intends to file a motion for reconsideration of the Court's December 15, 2015, Screening Order, he may move pursuant to Local Rule 230(j), which sets forth the following standards for such applications:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

E.D. Cal. Local Rule 230(j).

## III.   MOTION FOR APPOINTMENT OF COUNSEL

On February 18, 2016, Plaintiff filed a motion for appointment of counsel. (ECF No. 18.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United

States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Plaintiff's motion will therefore be denied.

## IV.     MOTION FOR INJUNCTIVE RELIEF

Lastly, Plaintiff moves for an order directing Defendants and/or Defendants' representatives to provide him with his legal materials. In this motion, Plaintiff claims that, following his transfer to Kern Valley State Prison, he has not been provided with his legal paperwork. He contends that this paperwork is necessary to amend his complaint because it contains relevant dates, names and factual details. The Court construes this motion as a motion for injunctive relief.

A preliminary injunction can take the form of a prohibitory injunction or a mandatory injunction. A prohibitory injunction preserves the status quo pending a

determination on the merits. <u>Chalk v. U.S. Dist. Court</u>, 840 F.2d 701, 704 (9th Cir. 1988). A mandatory injunction, on the other hand, goes well beyond simply maintaining the status quo and orders a party to take action. <u>Meghrig v. KFC W., Inc.</u>, 516 U.S. 479, 484 (1996). Mandatory injunctions are particularly disfavored and generally "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." <u>Anderson v. United States</u>, 612 F.2d 1112, 1114-15 (9th Cir. 1980).

To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).

Plaintiff's motion does not meet these standards. The undersigned notes first that since the complaint has not yet been served, there have been no appearances by any Defendant. Additionally, Plaintiff's claims in his underlying complaint arose during his incarceration at California State Prison – Corcoran. His motion for injunctive relief addresses matters entirely distinct from those presented in the complaint, and seeks an order directing individuals who are not named in the complaint and are instead employed at Kern Valley State Prison. A court may not issue an order against individuals or entities who are not parties to the underlying suit. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969). Lastly, Plaintiff's motion is dated January 31, 2016. As more than two months have passed since the motion was filed, it is unclear if Plaintiff is now in possession of his legal materials, rendering his request moot. Plaintiff's motion will therefore be denied without prejudice to its renewal.

## V.     **DISCUSSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for extension of time (ECF Nos. 13, 15, and 17) are GRANTED. Plaintiff shall file a response to the Court's December 15, 2015, Screening Order within thirty-days from the date of this Order. This response may be a notice of his willingness to proceed on his complaint as screened, a First Amended Complaint, or a Motion for Reconsideration;
2. Plaintiff's motion to appoint counsel (ECF No. 18) is DENIED; and
3. Plaintiff's motion for injunctive relief (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated:   April 1, 2016                                        /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE